**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Joel Lopez, Jr., | Case No. 25-cv-4659 (JWB/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| FMC Rochester and Jared Rardin, Warden, | |
| Respondents. | |

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Joel Lopez, Jr.'s Amended Petition for a writ of habeas corpus. [Docket No. 6].

In June 2024, prison guards conducted a search of petitioner Joel Lopez, Jr. and found twenty-eight strips of an unknown substance later determined to be Suboxone tucked into Petitioner's right sock. (See Pet. Ex. [Docket No. 1-1] at 27). Petitioner was punished with the loss of forty-one days of good time credit for having possessed illegal drugs. A few months later, after exhausting administrative remedies on his claim, Petitioner challenged the loss of good time credit through a petition for a writ of habeas corpus on the grounds that the Discipline Hearing Officer who presided over the disciplinary proceedings had not been appointed in a manner consistent with the Appointments Clause of the federal constitution. See Lopez v. Rardin, No. 24-cv-3285 (KMM/DJF) (D. Minn.). The government appears to have agreed: The Federal Bureau of Prisons ("BOP") vacated the disciplinary proceedings and remanded the matter for a rehearing before a different adjudicator. Because the disciplinary sanctions had been vacated, the habeas petition was denied on mootness grounds. See Id., Order [Docket No. 44] (D. Minn. May 28, 2025).

When the BOP conducted the second disciplinary proceeding, Petitioner largely stood on the ground that he had already won in federal court and that he could not be punished for a "shot" that had already been "expunged." (Pet. Ex. [Docket No. 1-1] at 27). The BOP found this defense unconvincing and imposed the same 41-day loss of good time credits that had been imposed following the first, defective proceeding. Petitioner then asked the BOP to vacate the sanctions for a second time, running the same playbook that had gained him success the first time and arguing that the Discipline Hearing Officer had been unlawfully appointed. (See, e.g., Id. at 75) (administrative remedy appeal to BOP central office setting forth Petitioner's claims). This time, however, his strategy did not work, because the matter had been remanded specifically to remedy the problem that had led to Petitioner's disciplinary sanctions being vacated the first time.

Petitioner seems to have realized, belatedly, that the arguments that succeeded for him in the earlier habeas corpus proceeding would not be successful again. When he filed the petition for a writ of habeas corpus that commenced this proceeding, Petitioner did not include any claim regarding alleged defects in the appointment of the Discipline Hearing Officer. (See Petition [Docket No. 1]). But the habeas petition did not include any other arguments, either. There was no way to tell from the initial petition why Petitioner believed that the second round of disciplinary proceedings had been conducted unlawfully.

This Court conducted a preliminary review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and concluded that the petition fell short of the requirement of Rule 2(c) of those Rules that a habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." (See Order [Docket No. 5]). Petitioner was afforded an opportunity to submit an amended habeas

---

[1] The habeas petition was not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may be applied to any habeas proceeding. See Rule 1(b).

petition, which he has now done. (See Amended Petition [Docket No. 6]). That amended habeas petition is now before the Court for review under Rule 4. As a result of that review, this Court concludes that the amended petition should be denied, and this case should be dismissed.

The amended habeas petition is not much of an improvement on the first habeas petition. Nowhere in the very short petition is any specific claim for relief identified. The closest thing to a claim that this Court can find in the amended habeas petition is Petitioner's statement that the "newly written charge . . . remains in violation of the truth of events . . . ." (Amended Petition [Docket No. 1] at 1). Read very generously, the amended petition can be interpreted as claiming that insufficient evidence supported the disciplinary proceedings and that the sanction therefore violated Petitioner's due process rights.

If this is the basis on which Petitioner seeks relief in this action (and there are no other obvious candidates, judging from both the amended habeas petition and the original habeas petition), then Petitioner faces two problems. First, Rule 2(c) still requires that a habeas petition "state the facts supporting each ground." Nowhere in the amended (or original) habeas petition does Petitioner set forth any factual basis supporting a claim that the disciplinary sanction was supported by insufficient evidence. See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting that the pleading requirements of Rule 2(c) are "more demanding" than the notice-pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure).[2] Accordingly, the amended habeas petition—like the original habeas petition—fails to satisfy basic pleading requirements.[3]

---

[2] Mayle preceded both Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which tightened the pleading requirements of litigants proceeding under Rule 8(a)(2). Following Twombly and Iqbal, "it is not clear that there remains much practical difference between Habeas Rule 2(c)'s and Federal Rule of Civil Procedure 8(a)(2)'s pleading standards." Ross v. Williams, 950 F.3d 1160, 1170 n.11 (9th Cir. 2020). The distinction is not important here, as the amended habeas petition in this matter would fall short of the post-Twombly pleading standard required by Rule 8(a)(2), if that standard applied.

[3] Moreover, any insufficiency-of-the-evidence claim would have been an extreme longshot, even if adequately presented by Petitioner. Due process requires only that the findings of the Discipline Hearing Officer be "supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). A

3

Second, even if Petitioner had adequately pleaded an insufficiency-of-the-evidence claim, he has not administratively exhausted such a claim. See Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009) (concluding that habeas petition must be dismissed because petitioner failed to first exhaust his administrative remedies with the BOP); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). Petitioner did appeal his disciplinary sanctions all the way to the highest levels of BOP administrative review, see (Pet. Ex. [Docket No. 1-1] at 75 (appeal statement), 73-74 (BOP denial)), but nowhere in his appeal to the BOP Central Office did Petitioner allege that the evidence presented against him was insufficient to support the disciplinary charges. Instead, the administrative appeal focused overwhelmingly on Petitioner's arguments that the Discipline Hearing Officer had been unlawfully appointed (a claim that had lost all force by the time of Petitioner's second round of disciplinary proceedings). (See Id. at 1, 75, 93). A secondary claim on administrative appeal related to an error regarding the date on which Petitioner's rights under Miranda had been explained to him. (See Id. at 1, 75). Nothing in the administrative materials, however, suggests Petitioner contended before the BOP that the "newly written charge . . . remains in violation of the truth of events" as alleged in the habeas petition. (See Amended Petition [Docket No. 6] at 1).

Petitioner has not adequately pleaded a claim for relief, and the lone claim for relief suggested by his amended habeas petition was not administratively exhausted.[4] Accordingly, it is recommended that the amended habeas petition be denied and this matter dismissed.

---

single offer's testimony can be sufficient to satisfy that very low burden of proof. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (citing Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986)). The administrative materials submitted by Petitioner suggest that the government would have had little difficulty clearing that low bar.

[4] Petitioner suggests in both his original and amended habeas petitions that he was barred from pursuing administrative remedies. The documents that he has himself submitted demonstrate that this is not true. Rather, what the documents show is that, after receiving a final denial from the BOP, (see Pet. Ex. [Docket No. 1-1] at 73-74), Petitioner continued submitting duplicative administrate appeals raising the same grounds for relief, (see Id. at 1-4). The BOP informed Petitioner that its earlier decision had been final and that he would not be permitted to pursue the matter again through administrative channels. (See Id. at 6).

4

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  The amended petition for a writ of habeas corpus of petitioner Joel Lopez, Jr., [Docket

    No. 6], be DENIED; and

2.  This case be DISMISSED.


Dated: February 6, 2026                     s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).